Sean M. Larson (Wyo. Bar # 7-5112)
Kari Hartman (Wyo. Bar #8-6507)
HATHAWAY & KUNZ, LLP
2515 Warren Avenue, Suite 500
P.O. Box 1208
Cheyenne, WY  82003-1208
Phone:  307-634-7723
Fax:  307-634-0985
slarson@hkwyolaw.com
khartman@hkwyolaw.com

John W. McIlvaine (*Pro Hac Vice* forthcoming)
Anthony W. Brooks (*Pro Hac Vice* forthcoming)
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
jmcilvaine@webblaw.com
abrooks@webblaw.com

COUNSEL FOR PLAINTIFFS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

I4F LICENSING N.V. and
QUICKSTYLE INDUSTRIES INC.

   Plaintiffs,

    v.

DECNO GROUP LTD., SHIJIAZHUANG
DECNO, DECORATION MATERIAL
CO., LTD., and HEBEI DECNO HOME
FURNISHING TECHNOLOGY GROUP
CO., LTD.

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:

 1:26-cv-111

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs i4F Licensing N.V. ("i4F") and Quickstyle Industries, Inc. ("Quickstyle"),

through their counsel, hereby allege the following for their Complaint against Defendants Decno

Group Ltd., Shijiazhuang Decno, Decoration Material Co., Ltd., and Hebei Decno Home Furnishing Technology Group Co., Ltd.:

## PARTIES

1. Plaintiff Quickstyle is a Canadian company having a principal place of business at 4505 Rue Cousens, Montreal, Quebec, H4S 1X5, Canada.

2. Plaintiff i4F is a Belgian company having a principal place of business at Industriedijk 19, 2300 Turnhout, Belgium.

3. Upon information and belief, Defendant DECNO GROUP LTD. ("Decno Group") is a Wyoming corporation with a principal place of business at 30 N. Gould Street, Suite R, Sheridan, Wyoming 82801.

4. Upon information and belief, Defendant Shijiazhuang Decno, Decoration Material Co., Ltd. ("Shijiazhuang Decno") is a Chinese corporation with a principal place of business at Room 1701, Wanda A, No. 121 of Huaian Road, Yuhua District, Shijiazhuang City, Hebei Province, China.

5. Upon information and belief, Defendant Hebei Decno Home Furnishing Technology Group Co., Ltd. ("Hebei Decno", collectively, with Shijiazhuang Decno, the "Chinese Defendants") is a Chinese corporation with a principal place of business at 17/F, Block A, Yuhua Wanda Office Tower, Yuhua District, Shijiazhuang City, Hebei Province, China.

## JURSDICTION AND VENUE

6. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8.    This Court has personal jurisdiction over Defendant Decno Group because Decno Group has a principal place of business in the state of Wyoming and is incorporated under the laws of Wyoming.  This Court has personal jurisdiction over the Chinese Defendants due to their acts of infringement in this District, as explained in further detail below. Alternatively, the Chinese Defendants are subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2), because they committed acts of infringement in the United States, are not subject to the jurisdiction in any state's courts of general jurisdiction, and have purposefully directed their infringing activity at United States residents.

9.    Venue is proper under 28 U.S.C. § 1400 and 28 U.S.C. §1391 because Defendant Decno Group resides in the District and the Chinese Defendants are foreign corporations that are subject to personal jurisdiction in this District.

## **BACKGROUND**

10.    Quickstyle is the owner of the entire right, title and interest in and to United States Patent No. 10,132,088 ("the '088 Patent"), entitled "Stone Plastic Composite (SPC) Tile with Imitation Grout Line," United States Patent No. 11,149,442 ("the '442 Patent"), entitled "Tile with Imitation Grout Line," United States Patent No. 12,392,139 ("the '139 Patent"), entitled "Tile with Imitation Grout Line." (the '088 Patent, '442 Patent, and '139 Patent, collectively, the "Asserted Patents").

11.    Quickstyle has become well known for innovating flooring products in the United States and abroad featuring a rigid core material with highly realistic looking, yet imitation grout line under its brands TRUEGROUT® and TRUEGROOVE®.

12.    Quickstyle sells flooring planks and tiles in the United States and abroad under the TRUEGROUT and TRUEGROOVE brands (the "Quickstyle Products") that incorporate the technology of the Asserted Patents, among others.  These products are sold under several product lines, including, without limitation, "Vista", "Aspetto", "Veneto", "Attica", "Suprema" and "Milano".

13.    i4F is the exclusive licensee of Quickstyle with respect to the Asserted Patents, among others.  i4F's license includes the right to enforce and the exclusive right to sublicense the Asserted Patents.  i4F licenses the technology of the Asserted Patents under the CERAGROUT brand.

14.    i4F has over 20 licensees for its CERAGROUT technology, which includes the Asserted Patents.

15.    Tens of millions of square feet of flooring planks or tiles incorporating the technology of the Asserted Patents have been sold in the United States in 2025 alone by CERAGROUT licensees.

16.    Due to the Asserted Patents' technology, Quickstyle, i4F, the Quickstyle Products and the TRUEGROUT, TRUEGROOVE and CERAGROUT brands have achieved considerable acclaim in the industry.

17.    Defendants are manufacturers, importers and sellers of stone plastic composite (SPC) flooring products.  Defendants sell and offer to sell SPC products in the United States and import the same into the United States.

18.    Upon information and belief, Defendants' largest market for SPC products is the United States.    *See* Ex. A (https://www.decnofloorings.com/industry-news/spc-flooring-developing-trend.html).

4

19.     The Chinese Defendants manufacture, sell and/or offer for sale SPC products under the names "Unigrout", "Grout Tech" and "Grout Tech Plus" (the "Accused Products") in the United States and import the Accused Products into the United States.  *See, e.g.,* Ex. B (https://www.decnofloorings.com/innovations/grout-tech-plus-spc.html);

Ex. C (https://www.decnofloorings.com/innovations/unigrout-spc-tile.html);

Ex. D (https://www.decnofloorings.com/innovations/grout-tech-spc.html);

Ex. E (https://www.decnofloorings.com/new-spc-flooring/UniGrout-SPC-Tile.html).

20.     Defendant Decno Group also sells and offers to sell the Accused Products and imports the same into the United States.

21.     Defendant Decno Group is identified as owning and operating the public facing "Decno" website, www.decnofloorings.com.  *See* Exs. B-E at bottom of page.

22.     The President of Defendant Decno Group is Wang Jixu (also referenced as "Rody").

23.     Wang Jixu is identified as the founder of Defendant Shijiazhuang Decno on Defendant Hebei Decno's website.  *See* Ex. F (https://www.decnogroup.com/en/about/).

24.     Upon information and belief, Defendant Shijiazhuang Decno is a subsidiary or affiliate of Defendant Hebei Decno.  *See* Ex. F.

25.     Upon information and belief, Defendant Decno Group is a subsidiary or affiliate of Defendant Hebei Decno.

26.     Upon information and belief, management personnel of all Defendants overlap.

27.     The Accused Products are flooring tiles or planks that include a multi-layered design, including a polyvinyl chloride (PVC) top layer or section that defines a top surface and a rigid core layer.  The top layer/section is positioned on top of the core and includes at least a US

cured transparent topcoat, a transparent PVC wear layer and a decorative PVC layer. The decorative PVC layer is below the wear layer, is visually observable from the top surface of the plank/tile and is joined to the core layer. The planks/tiles have a plurality of sides that are defined by the core layer. A portion of the PVC top layer, in particular a portion of the decorative and wear layers, is removed along sides of each plank and the middle of the planks, to expose at least a side portion of the top PVC layers and a portion of the core layer, which represents grout lines along the sides of each plank/tile and, for at least Grout Tech Plus, down the middle of the planks/tiles parallel to and between opposite sides of the planks/tiles. The exposed portions of the planks/tiles are textured to represent a grout line. Each side of each plank/tile also has an interconnecting locking mechanism to install a floor covering from the planks/tiles on sides where the exposed portions are present. *See* Exs. B-E.

28.     The core comprises SPC material that includes between 20% and 30% PVC, between 70% and 80% stone dust or powder, such as calcium carbonate or chalk, and between 0.5% to 5% of one or more additional chemical agents or additives.

29.     Upon information and belief, the core layer has a density of about 2000 kg/m3.

30.     Exhibit E is a screen print out from Defendant's website.

31.     A representation of the structure of the Accused Products demonstrating a UV layer, a transparent PVC wear layer, a PVC decorative layer, and the SPC core layer is shown in Exhibit E.

32.     Exhibit E also notes that the Accused Products include click-lock locking mechanisms for installation. Exhibits B and C note the same.

33.     The Accused Products infringe at least claims 7-9, 13, 14, 16, 17, 19 and 20 of the of the '442 Patent ("the '442 Asserted Claims"), claims 1-3, 5-8, 12, 14, and 16 of the '088 Patent

("the '088 Asserted Claims") and claims 1, 2 and 5-8 of the '139 Patent ("the '139 Asserted Claims", collectively, with the '442 Asserted Claims and the '088 Asserted Claims, the "Asserted Claims").

34.     On November 13, 2025, Defendant Decno Group sent a solicitation to Quickstyle promoting the Accused Products.  A copy of that correspondence is attached as Exhibit G.

35.     Upon information and belief, Decno Group sent the same or similar solicitations to flooring, construction, home improvement and décor businesses, including retailers and distributors, in the United States.

36.     Upon information and belief, Decno Group did so at the urging of and in coordination with the Chinese Defendants who manufacture and/or distribute the Accused Products.

37.     Exhibit E demonstrates that the Accused Products include an SPC core, that a portion of the top layer is removed along sides of each plank and down the middle to expose a portion of the top PVC layer and/or the core layer to represent a grout line, and that each side of the Accused Products has an interconnecting locking mechanism to install a floor covering from the planks/tiles.

38.     Prior to the filing of this Complaint, Plaintiff Quickstyle sent a demand letter to Defendant Decno Group identifying the Asserted Patents, among others, seeking that Defendants cease and desist manufacturing, selling and/or importing the same.  A copy of that letter is attached hereto as Exhibit H.

39.     Defendant Decno Group denied selling the Accused Products.

40.     The Accused Products practice each and every element of the Asserted Claims as described below.

41.    Defendants, thus, infringe the Asserted Patents and are jointly and severally liable for the same.

42.    Defendants will continue to infringe the Asserted Claims of the Asserted Patents unless enjoined by this Court.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,149,442

43.    All preceding paragraphs of this Complaint are hereby incorporated by reference as if fully set forth herein.

44.    The Accused Products are flooring planks or tiles having multiple layers of material, including a rigid SPC core layer and a top section comprising PVC joined to the top of the core layer. '442 Patent at claims 7, 13; *see also, e.g.,* Exs. B, C, E, G, H.

45.    The sides of each plank or tile of Accused Products are defined at least partially by the core since the core is exposed at the sides, which sides include an interconnecting locking mechanism. '442 Patent at claims 7, 9, 13, 17; *see also, e.g.,* Exs. E, H.

46.    Each side of each plank or tile of the Accused Products includes an exposed portion exposing at least a portion of the top section, including the PVC decorative layer, and the core.'442 Patent at claims 7, 13, 20; *see also, e.g.,* Ex. B-E, H.

47.    The exposed portions are configured to represent a grout line and are textured just like claims in the '442 Patent. '442 Patent at claims 7, 13, 16; *see also, e.g.,* Ex. B-E, H.

48.    The top section includes a decorative PVC layer and a wear layer that is at least partially coincident with the top surface of the plank/tile. '442 Patent at claims 8, 19; *see also, e.g.,* Ex. E.

49.    The lower surface of the wear layer is disposed on the top surface of the decorative PVC layer.  '442 Patent at claims 8, 19; *see also, e.g.,* Ex. E.

50.    The SPC material of the core layer includes about 20-30% PVC, about 70-80% calcium powder or stone dust and at least one chemical agent, such as a plasticizer, in an amount of about 0.5-5%.  '442 Patent at claims 7, 14; *see also, e.g.,* Ex. H.

51.    The activities of Defendants in selling, offering to sell and/or importing the Accused Products into the United States constitutes direct infringement under 35 U.S.C § 271(a) of at least the '442 Asserted Claims.

52.    The activities of the Chinese Defendants in urging and/or causing Defendant Decno Group to import the Accused Products into and sell and/or offer to sell the Accused Products in the United States were done with knowledge of or willful blindness to the '442 Patent and Decno Group's infringement of the same constituting indirect infringement under 35 U.S.C. § 271(b) the '442 Asserted Claims.

53.    The activities of Defendant Hebei Decno in causing Shijiazhuang Decno to import the Accused Products into and sell and/or offer to sell the Accused Products in the United States were done with knowledge of or willful blindness to the '442 Patent and Shijiazhuang Decno's infringement of the same constituting indirect infringement under 35 U.S.C. § 271(b) of at least the '442 Asserted Claims.

54.    Defendants' infringement of the '442 Patent has been and continues to be willful.

55.    Plaintiffs have been irreparably damaged and will continue to be irreparably damaged by reason of Defendants' infringement of the '442 Patent unless this Court restrains the infringing acts.  Plaintiffs are without an adequate remedy at law.

## COUNT II: INFRINGEMENT OF U.S PATENT NO. 10,132,088

56.    All preceding paragraphs of this Complaint are hereby incorporated by reference as if fully set forth herein.

57.     The Accused Products are flooring planks or tiles having multiple layers of material, including a rigid SPC core layer and a top section comprising PVC joined to the top of the core layer and defining a top surface. '088 Patent at claims 1, 12; *see also* Exs. B-E, G, H.

58.     The sides of each plank or tile of Accused Products are defined at least partially by the core since the core is exposed at the sides, which sides include an interconnecting locking mechanism.  '088 Patent at claims 1, 2, 12; *see also, e.g.,* Exs. E, H.

59.     Each side of each plank or tile of the Accused Products includes an exposed portion extending along the side exposing at least a portion of the top section, including the PVC decorative layer, and the core.  '088 Patent at claims 1, 12; *see also, e.g.,* Exs. B-E, H.

60.     The exposed portions extend outwardly from the sides of the tile and extend along the length sides of tile/plank.  '088 Patent at claims 5, 6, 14; *see also, e.g.,* Ex. B-E, H.

61.     The exposed portions are textured to represent a grout line.  '088 Patent at claims 7, 12; *see also, e.g.,* Ex. B-E, H.

62.     At least Grout Tech Plus of the Accused Products also includes an exposed portion exposing at least a portion of the top section and the core across the middle section of the planks/tiles, parallel to and between opposite sides of the planks/tiles. '088 Patent at claim 8; *see also, e.g.,* Exs. C, E, G

63.     The top section includes a decorative PVC layer joined to the core and a wear layer that is coincident with the top surface of the plank/tile.  '088 Patent at claim 3; *see also, e.g.,* Ex. E.

64.     The wear layer is disposed on the surface of the decorative PVC layer and is substantially transparent so that the decorative layer is visually observable through the wear layer from the top of the plank/tile. '088 Patent at claim 3; *see also, e.g.,* Ex. E.

65.    Upon information and belief, SPC core layer has a density in the range of about 1900 kg/m$^3$ to about 2000 kg/m$^3$. '088 Patent at claims 1, 12, 16.

66.    The activities of Defendants in importing the Accused Products into the United States and selling and offering to sell the Accused Products in the United States was done with knowledge of the Asserted Patents and that such activity would cause infringement.

67.    The activities of Defendants in selling, offering to sell and/or importing the Accused Products into the United States constitutes direct infringement under 35 U.S.C § 271(a) of at least the '088 Asserted Claims.

68.    The activities of the Chinese Defendants in urging and/or causing Defendant Decno Group to import the Accused Products into and sell and/or offer to sell the Accused Products in the United States were done with knowledge of or willful blindness to the '088 Patent and Decno Group's infringement of the same constituting indirect infringement under 35 U.S.C. § 271(b) the'088 Asserted Claims.

69.    The activities of Defendant Hebei Decno in causing Shijiazhuang Decno to import the Accused Products into and sell and/or offer to sell the Accused Products in the United States were done with knowledge of or willful blindness to the '088 Patent and Shijiazhuang Decno's infringement of the constituting indirect infringement under 35 U.S.C. § 271(b) of at least the '088 Asserted Claims.

70.    Defendants' infringement of the '088 Patent has been and continues to be willful.

71.    Plaintiffs have been irreparably damaged and will continue to be irreparably damaged by reason of Defendants' infringement of the '088 Patent unless this Court restrains the infringing acts.  Plaintiffs are without an adequate remedy at law.

11

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 12,392,139

72.    All preceding paragraphs of this Complaint are hereby incorporated by reference as if fully set forth herein.

73.    The Accused Products are flooring planks or tiles having multiple layers of material, including a rigid SPC core layer and a top section comprising PVC joined to the top of the core layer. '139 Patent at claim 1; *see also, e.g.,* Exs. B-E, G, H.

74.    The top section defines the upper surface of the planks/tiles and includes a plurality of layers, including a decorative layer, wear layer coating and UV coating applied to the top surface of the rigid core layer. '139 Patent at claims 1, 2; *see also, e.g.,* Exs. B-E, G, H.

75.    The core layer and top layer have densities wherein the density of the rigid core layer is greater than that of the top section. '139 Patent at claim 1; *see also, e.g.,* Ex. H.

76.    The sides of each plank or tile of Accused Products are defined at least partially by the core since the core is exposed at the sides. '139 Patent at claim 1; *see also, e.g.,* Exs. E, H.

77.    Each side of each plank or tile of the Accused Products includes exposed portions formed on the top surface of the tile/plank and, thus, the top section, wherein at least one of the exposed portions is formed along the sides of the tile. '139 Patent at claims 1, 6, 7; *see also, e.g.,* Ex. B-E, H.

78.    The exposed portions are defined within the core and the top section and are configured to imitate a grout line. '139 Patent at claims 1, 8; *see also, e.g.,* Ex. B-E, H.

79.    Upon information and belief, the rigid core layer has a density in the range of about 500 kg/m$^3$ to about 2000 kg/m$^3$. '139 Patent at claim 5.

80.     The activities of Defendants in selling, offering to sell and/or importing the Accused Products into the United States constitutes direct infringement under 35 U.S.C § 271(a) of at least the '139 Asserted Claims.

81.     The activities of the Chinese Defendants in urging and/or causing Defendant Decno Group to import the Accused Products into and sell and/or offer to sell the Accused Products in the United States were done with knowledge of or willful blindness to the '139 Patent and Decno Group's infringement of the same constituting indirect infringement under 35 U.S.C. § 271(b) the'139 Asserted Claims.

82.     The activities of Defendant Hebei Decno in causing Shijiazhuang Decno to import the Accused Products into and sell and/or offer to sell the Accused Products in the United States were done with knowledge of or willful blindness to the '139 Patent and Shijiazhuang Decno's infringement of the same constituting indirect infringement under 35 U.S.C. § 271(b) of at least the '139 Asserted Claims.

83.     Defendants' infringement of the '139 Patent has been and continues to be willful.

84.     Plaintiffs have been irreparably damaged and will continue to be irreparably damaged by reason of Defendant's infringement of the '139 Patent unless this Court restrains the infringing acts.  Plaintiffs are without an adequate remedy at law.

### DEMAND FOR JURY TRIAL

85.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury for all issues triable by a jury.

**WHEREFORE**, Plaintiffs pray:

A.      that Defendants, their officers, employees, agents, and those persons in active participation with them be permanently enjoined from infringing the Asserted Patents;

13

B.      that judgment be entered finding that Defendants infringe the Asserted Patents;

C.      that Defendants be ordered to pay damages to i4F resulting from Defendants' infringement of the Asserted Patents pursuant to 35 U.S.C. § 284 in an amount adequate to compensate i4F for the infringement, but not less than a reasonable royalty, including interest from the dates of infringement;

D.      that Defendants' infringement be deemed willful and, as a result, that Defendants be ordered to pay i4F treble damages pursuant to 35 U.S.C. § 284;

E.      that i4F be awarded its costs of this action and reasonable attorneys' fees pursuant to 35 U.S.C. § 284 and 285; and

F.      that i4F be awarded such further relief as this Court may deem just and proper.

[Balance of page intentionally left blank]

Respectfully submitted,

Dated:  March 24, 2026

*/s/ Sean Larson*

Sean M. Larson (Wyo. Bar # 7-5112)
Kari Hartman (Wyo. Bar #8-6507)
**HATHAWAY & KUNZ, LLP**
2515 Warren Avenue. Suite 500
P.O. Box 1208
Cheyenne, WY 82001
307.634.7723
307.634.0985 (fax)
slarson@hkwyolaw.com
khartman@hkwyolaw.com

*AND*

John W. McIlvaine (*Pro Hac Vice* forthcoming)
Anthony W. Brooks (*Pro Hac Vice* forthcoming)
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
jmcilvaine@webblaw.com
abrooks@webblaw.com

*Attorneys for Plaintiffs*